# EXHIBIT 1

Return Receipt (Form 3811) Barcode

9590 9266 9904 2103 8990 53

1. Article Addressed to:

Phillip Morris, USA, Inc
6598 W. Broad Street
Richmond, VA 26234

2020 JAN -9 P 12:08

CIRCUIT

BY______ DEPUTY

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2103 8990 50

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Brian [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name) Brian Person

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Reference Information

3. Service Type:
☒ Certified Mail 12-C-101
☐ Certified Mail Restricted Delivery

Reference Information
cat

PS Form 3811, Facsimile, July 2015 Domestic Return Receipt



USPS TRACKING #
9590 9266 9904 2103 8990 53

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES
POSTAL SERVICE®

• Sender: Please print your name, address, and ZIP+4® below •

PHILIP D RIGGLEMAN
RANDOLPH COUNTY CIRCUIT CLERK
2 RANDOLPH AVENUE
ELKINS WV 26241-4063

**IN THE CIRCUIT COURT OF** RANDOLPH **COUNTY, WEST VIRGINIA**

**CIVIL CASE INFORMATION STATEMENT**
**(Civil Cases Other than Domestic Relations)**

**I. CASE STYLE:**

**Plaintiff(s)**

Dale P. Field, Jr.
TVRJ #3558053 400 Abbey Rd
Belington, WV 26250

**vs.**

**Defendant(s)**

Phillip Morris, USA, Inc.,
Name
2325 Bells Rd
Street Address
Richmond, VA 23234
City, State, Zip Code

**Case No.** 19-C-101

**Judge:**

2019 SEP 20 A 10:43
CIRC... ...FICE
BY_______ ...DEPUTY

| Days to Answer | Type of Service |
|---|---|
| 20 | Certified U.S. Mail |

**II. TYPE OF CASE:**

- ☒ General Civil
- ☐ Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - ☐ Asbestos
  - ☐ FELA Asbestos
  - ☐ Other: ______
- ☐ Habeas Corpus/Other Extraordinary Writ
- ☐ Other: ______
- ☐ Adoption
- ☐ Administrative Agency Appeal
- ☐ Civil Appeal from Magistrate Court
- ☐ Miscellaneous Civil Petition
- ☐ Mental Hygiene
- ☐ Guardianship
- ☐ Medical Malpractice

**III. JURY DEMAND:** ☒ Yes ☐ No CASE WILL BE READY FOR TRIAL BY (Month/Year): 01 / 2020

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

☒ Yes ☐ No

**IF YES, PLEASE SPECIFY:**

- ☐ Wheelchair accessible hearing room and other facilites
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Interpreter or other auxiliary aid for the deaf and hard of hearing
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Foreign language interpreter-specify language: ______
- ☒ Other: Video Hearing and Guardian Ad Litem (Incarcerated)

Attorney Name: ______
Firm: ______
Address: ______
Telephone: ______

Representing:
☐ Plaintiff ☐ Defendant
☐ Cross-Defendant ☐ Cross-Complainant
☐ 3rd-Party Plaintiff ☐ 3rd-Party Defendant

☒ **Proceeding Without an Attorney**

Original and ______ copies of complaint enclosed/attached.

Dated: ___/___/___ Signature: [signature]

CCourt

# S U M M O N S

CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

Dale P. Field Jr.
TVRJ #3558053
Belington, WV 26250

v. 2019-C-101 David H. Wilmoth

Phillip Morris, USA, INC
2325 Bells Road
Richmond, VA 26234

To the Above-Named Defendant(s):
IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Plaintiff, whose address is Dale P. Field, Jr.. Pro se
c/o TVRJ #3558053
400 Abbey Road
Belington, WV 23234

an answer, including any related counter-claim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counter-claim in the above-styled civil action.
DATED: 9/20/2019

Phil Riggleman, Clerk
Randolph County Circuit Court

By: C Thompson, Deputy

IN THE CIRCUIT COURT OF Randolph COUNTY, WEST VIRGINIA

DALE P. FIELD, JR.,
#3558053
TVRJ
400 Abbey Rd.
Belington, WV 26250

Plaintiff,

v.

PHILLIP MORRIS, USA, INC.,
2325 Bells Rd.
Richmond, VA 23234

Defendant.

Case No. A-C-101

FILED RANDOLPH COUNTY
2019 SEP 20 A 10:43
CIRCUIT CLERK'S OFFICE
BY ______ DEPUTY

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

The Plaintiff, Dale P. Field, Jr., proceeding pro se, sets forth the following in his complaint under original action against the Defendant, Phillip Morris, USA, Inc.

JURISDICTION

___ This Court retains jurisdiction under staute 51-2-2, whreas the amount in question exceeds $7,500.00; the Plaintiff is a resident of said county; and the corporation, in accordance with U.S. jurisdiction standards does in fact maintain business relationships within the State of West ~~of~~ Virginia as the producer, and manufacturer/distributer of tabacco products within the state.

Count 1: Negligence

The Defendant did engage in acts of negligence when the tabacco product manufacturer knowningly and willingly used additives in their products to make said product moer addictive to the user (PLaintiff) for the sole purpose of profit and with complete distegard to the health ramifications of the consumer.

Count 2: Negligent design, testing or manufacturing

The Defendant was negligent in the design, testing or manufacturing of their product, when the design intentionally included additives that were used for the sole purpose of making the product more addictive to the consumer without concerns of health ramifications, and without notifying the Plaintiff of the use of the

additives which intentionally caused more harm to the Plaintiff.

Count 3: Misrepresentation

The Defendant did engage in acts of misrepresentation by producing, then marketing and distributing a product under the guise that the implications of the additives was raw tabacco product for the sole purpose of proft with malise disregard to the health and safety of Plaintiff and without notification prior to the year 2018.

Count 4: Product Defect, defective design

The Defendant designed the product in a manner to increase profit and with little to no concern of the health and safety ramifications of the public. In this manner, the Defendant deliberately designed the product to be more harmful without notification to the public prior to 2018.

Count 5: Product Defect, failure to warn

The Defendant failed to warn the public prior to 2018 of the harmful use of the product due to additives making the product more addictive for the sole purpose of profit.

Count 6: Breech of Express Warranty

Defendant described the product as being tabacco, and failed to alert the public of the use of harmful additives that made the product more addictive. THis led the public and Plaintiff to believe that the source of the addiction was the raw tabacco adn its nicotine.

Count 7: Fraudulant Concealment

The Defendant fraudulantly concealed the use of additives that made their product more addictive. This deliberate means of misleading Plaintiff with calous disregard to the Plaintiff's health for the sole purpose of profit was done without warning prior to 2018.

Count 8: Advertising Injury

The Defendant did engage in acts of advertising injury by marketing a product in a fashion that discloses only partial information and ommitting facts about the health issues related to the addiction additives prior to 2018, for the sole purpose

of profit, and with calous disregard to Plaintiff's health.

Count 9: Moral Wrong

The Defendant added product additives to the product intentionally and then fraudulantly with calues disregard to the health ramifications, marketing a then product without notification of the additives against moral standards.

Count 10: Intentional WRong

The Defendant did engage in acts that were intentional by addition of the additives to the product for the sole purpose of gaining profit, and with calous disregard to the heal of the Plaintiff and public without notification prior to 2018.

Count 11: Harmful Behavior

The Defendant added additives to their product intentionally causing harm to the plaintiff. The Defendant was aware of the harm that the product caused to the Plaintiff, and posted no warning of such harm for the sole purpose of profit.

Count 12; 13, and 14: Bodily Harm, Physical Harm, Continuing Harm

The Plaintiff lists Count 12, 13, and 14 together as they are related.

The Defendant caused bodily, physical and continuing harm to the Plaintiff by creating and distributing a product that was intetionally designed to become addictive by the use of additives, knowing the health ramifications of the use of the product by the Plaintiff. Plaintiff has suffered damages to his lungs that result in a decreased capacity of lung volume usage. This damage is the onset of potentioal damage that is far greater.

Count 15: Irreparable Injury

The Defendant created a product that caused harm to the Plaintiff's lungs that cannot be repaired. This created a unique situation as Plaintiff attempted to apply to school for commercial scuba diving, and was then unable to pass the physical by the lung volume test. For this reason alone, Plaintiff was denied classes and a career of his choosing. The damage wad dircely related to the product distributed by the Defendants for the sole purpose of profit.

Count 16: Entitlement to Punitive Damages

In this matter, the Plaintiff is entitled to punitive damages. The direct misleading of the Defendant led Plaintiff to believe it was his own lack of selft control or inadequicy that prevented him from stopping the use of the product. Its has since been discovered that the Defendant delibertly made the product in a way to mislead the Plaintiff for the sole purpose of profit. For this reason, the Plaintiff is entitled to Punitive damages.

CONCLUSION

The Defendant has recently been directed by the U.S. Supreme Court to make known to the public the use of additives for addictiveness in their product. The Plaintiff files a timely complaint in that the complaint is filed within the time frame of statute of limitations from the disclosure ~~adn~~ announcment.

WHEREFORE, the Plaintiff seeks damages in the amount of two million dollars, ($2,000,000.00) and fifty thousand for punitive damages ($50,000.00). The Plaintiff also requests interes, court costs, filing fees, attorney fees, and any additional costs this Honorable Court deems proper.

Respectfully submitted;

Dale P. Field, Jr.
Plaintiff, pro se

**IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA**

**DALE P. FIELD, JR.,**

**Plaintiff,**

FILED RANDOLPH COUNTY CIRCUIT COURT

2019 DEC 13 P 3: 30

CIRCUIT CLERK'S OFFICE

BY________DEPUTY

**19-C-101**

**vs.**

**PHILLIP MORRIS, USA. INC.,**

**Defendant.**

**ORDER**

On September 20, 2019, the Plaintiff filed a civil complaint with this Court. On or about October 31, 2019, the Plaintiff filed a Motion for Default Judgment with this Court.

After review of the Court's docket in this matter it appears that the Plaintiff has not properly served the Defendant in this matter. This Court calculates that the Plaintiff has until January 20, 2020, to perfect service in this matter under the West Virginia Rules of Civil Procedure.

In light of the foregoing, the Court does hereby ORDER that the Plaintiff's Motion for Default Judgment shall be and it is hereby DENIED.

It is, SO ORDERED.

The Clerk of this Court shall forward a copy of this order to the Plaintiff and to the Defendant.

Enter this 13 day of December, 2019.

**DAVID H. WILMOTH**
**Circuit Judge**

A TRUE COPY
ATTEST:
PHILIP D. RIGGLEMAN
CLERK OF THE CIRCUIT COURT
BY: ________
DEPUTY

ENTERED

DEC 13 2019

PHILIP D. RIGGLEMAN, CLERK

cc D. Fields
P. Morris

Oct. 31. 2019
RE: 19-C-101

Dear Clerk of Court;

Upon my transfer to a different facility on Oct. 11, 2019. I did file with this Court timely change of address information.

A summons was prepared by the Clerk for Defendant on Sept. 20, 2019. Notice was received by the Plaintiff of summons on October 28, 2019.

At this time, Plaintiff has not received an answer to the complaint in this matter. If no answer has been received by the Clerk, I would ask that the Clerk make a timely entry of default in the record, and provide the Plaintiff with notice of entry.

I would like to thank you for your time and consideration in this matter.

Respectfully;

[signature]

Dale P. Field, Jr. #3558053
Plaintiff, pro se
MCCJ
38 Grapevine Rd.
Martinsburg, WV 25405

IN THE CIRCUIT COURT OF RANDOLPH COUNTY, WEST VIRGINIA

DALE P. FIELD, JR.,

Plaintiff,

Case No. 19-C-101

v.

PHILLIP MORRIS, USA, Inc.,

Defendant.

**MOTION FOR DEFAULT JUDGMENT**

Now comes the Plaintiff, Dale P. Field, Jr., *pro se*, and does hereby move this Honorable Court to enter a judgment against the Defendants for default in this matter.

The Clerk of Court sent a copy of the *Complaint* to the Defendant on September 20, 2019. To date, more than (30) days have elapsed in this matter with the Plaintiff receiving any response to that *Complaint*. As such, Defendant is default in this matter.

Plaintiff has attached the required Affidavit to this motion.

WHEREFORE, for good cause and reasons shown, and as a matter of law, Plaintiff moves this Honorable Court to issue a judgment of default against the Defendant for the relief sought in the Complaint.

Respectfully submitted;

Dale P. Field, Jr.
Plaintiff, *pro se*